**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jaime Rangel NARANJO, Defendant— Appellant.**

**No. 06–50241.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed May 9, 2007.

---

Diana L. Pauli, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Sylvia A. Baiz, Esq., Attorney at Law, San Diego, CA, for Defendant–Appellant.

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY *, District Judge.

## MEMORANDUM **

Jaime Naranjo appeals the 324–month prison sentence imposed by the district court after he pled guilty to conspiracy to aid and abet the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and conspiracy to possess pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). We review the district court's interpretation of the Sentencing Guidelines de novo, the court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the court's factual findings for clear error. *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005).

■ Naranjo's lesser culpability relative to his co-participants does not automatically entitle him to mitigating role reductions under U.S.S.G. §§ 3B1.2(b) and 2D1.1(a)(3). *United States v. Benitez,* 34 F.3d 1489, 1498 (9th Cir.1994). Rather, he must be "substantially" less culpable. *Id.* Given his participation in not just offloading the pseudoephedrine, but also distributing it, the district court's conclusion that he was not substantially less culpable than his co-participants was not error.

■ The district court properly concluded that Naranjo was not entitled to a

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

sentence level reduction under the U.S.S.G. § 5C1.2 safety valve. Naranjo failed to satisfy his burden with regard to the safety valve's fifth criterion that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). A defendant's bald assertion that his open-court statements were complete and truthful does not mandate a determination by a court that the defendant has complied with this requirement where the defendant refuses to meet separately with prosecutors. Cf. United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996).

■ Naranjo also challenges the district court's application of the six-level enhancement under U.S.S.G. § 2D1.1(b)(8)(C) (formerly § 2D1.1(b)(5)(C)) for defendants whose offense "(i) involved the manufacture of ... methamphetamine; and (ii) created a substantial risk of harm to the life of a minor." Due to this enhancement's "extremely disproportionate effect" on Naranjo's sentence, the government bore the burden of proving the underlying factual findings by clear and convincing evidence. See United States v. Pike, 473 F.3d 1053, 1057 (9th Cir.2007).

This burden was not satisfied. No methamphetamine was manufactured at the Jurupa residence during Naranjo's participation in the conspiracy. Although the chemicals in the methamphetamine lab and their proximity to each other were found to have created a substantial risk of harm to minors, no evidence indicates that Naranjo knew what chemicals were there or how they were stored. Of the two conversations overheard by Naranjo that formed the basis of his knowledge that the lab existed, one indicated that everything related to the lab was to be removed and the other that the space was to be used for storage, not the manufacture of methamphetamine. The evidence is not clear and convincing that Naranjo's offense created a substantial risk of harm to the life of a minor. The district court's application of the § 2D1.1(b)(8)(C) enhancement cannot be sustained on this record.

It was not error for the district court to deny Naranjo the opportunity to allocute at his limited Ameline remand hearing. United States v. Silva, 472 F.3d 683, 689 (9th Cir.2007).

We vacate Naranjo's sentence and remand for resentencing. We therefore need not reach the issue of whether Naranjo's sentence was reasonable under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

VACATED and REMANDED.